CASE 63—PETITION EQUITY—MAY 26.

# Fehler v. Gosnell.
# Dickson v. Gleason.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. JUDGMENT IN REM.—APPEAL FROM.—A suit on apportionment warrants for street improvements, seeking a sale of the property is a proceeding *in rem.* against the property, and a judgment therein may be appealed from, although it be for less than one hundred dollars, no personal judgment having been sought or recovered.

Fehler v. Gosnell.

2. PROPER PASSAGE OF ORDINANCE—COMPUTATION OF TIME.—The passage by one board of an ordinance on the 5th of April, and by the other on the 19th of April is a compliance with the provision in charters for cities of the first class, that "no ordinance for any original improvement mentioned in this act shall pass both boards of the general council at the same meeting; and at least two weeks shall elapse between the passage of any such ordinance from one board to the other," the day upon which the first board passed the ordinance to be counted "as one day and part of the time." (Sec. 453, Ky. Stats.)

3. PRACTICE—WAIVER OF DEMURRER.—The overruling of a demurrer is not prejudicial to the substantial rights of the defendants where the same questions raised by the demurrer were raised in the answers of the defendants; and as each defendant filed such an answer to the petition, it must be regarded as a waiver or virtual withdrawal of the demurrer.

4. DEFECTIVE NOTICE—WHEN TOO LATE TO RELY UPON.—After a contract has been let and the work performed, it is too late to rely upon the objections that the notice does not inform the public of the general nature of the work, and that it does not state the nature and extent of the bond or security required.

5. STREET IMPROVEMENT—GUARANTY BY CONTRACTOR.—Under the authority conferred in the charter for cities of the first class to levy assessments against individual property-holders to pay the cost of street improvement, the city can not, by ordinance, require of the contractor a deposit in bonds equal to ten per cent. of the contract price, as a guaranty that he will keep the same in repair for five years, because such a provision necessarily increases the burden of the property-holders by adding the cost of repairs, for which the city alone under the provisions of the charter is liable.

6. SAME.—Such ordinance, however, is not absolutely void, and the contractor is still entitled to recover except to the extent the property owner's assessment has been increased on account of the requirement of such bond and security from the contractor.

7. EXECUTION OF CONTRACT BY CITY.—It is sufficient execution of a contract by a city that the mayor thereof shall sign his name as such, and affix the official seal of the city.

JOHN BARRET AND JOHN ROBERTS FOR APPELLANTS.

1. Publication of notice as required by section 67 of the "Act for the government of cities of the first class." is a condition precedent to the contract, and no valid contract can be made without the publication of these facts.

Fehler v. Gosnell.

2. No lien exists because the apportionment warrants, which are the basis of the action, were irregularly issued.

3. Under authority to order the paving of a street and to levy assessments against individual property owners to pay the expense of such improvement, a city can not force the property owners to pay for five years' repairs in advance. (Brown v. Jenks, 98 Cal., 10; People v. Maher, 63 N. Y., 83; McAllister v. City of Tacoma, 37 Pacific Rep., 447.)

4. Statutes granting to municipal corporations power to make special assessments in the nature of taxes should be strictly construed. (Caldwell v. Rupert, 10 Bush, 182.)

LANE & BURNETT FOR APPELLEES.

1. The required two weeks necessary to make the ordinance good *did* elapse between the passage of the ordinance from one board to the other as required by the statute. (Ky. Stat., sec. 2834.) It is provided by statute that "the day on which such notice is given or such act done may be counted as one day and part of the time." (Ky. Stat., sec. 453; Woods v. Patrick, Hardin's Reports, 457; Pollard v. Yoder, 2 A. K. Marshall, 264; Ogden v. Redman, 3 A. K Marshall, 234; Sanders v. Norton, 4 Monroe, 464; Chiles v. Smith, 13 B. M., 460; Batman v. Megowan, 1 Met., 533; Wood v. Commonwealth, 11 Bush, 220; Moar v. The Bank of Covington, 80 Ky., 305; Lebus v. Wayne, 14 Ky. L. R., 794.)

2. It is immaterial whether the necessary two weeks did elapse between the passage of the ordinance from one board to the other, in the case of Fehler v. Gosnell, as there is no denial by the appellants that all the necessary time did elapse in the Gosnell case.

3. Error in the overruling of a demurrer is waived by pleading over where the pleadings make the same questions as were made by the demurrer.

4. The contracts being signed by the chairman of the board of public works as such, and by the mayor of the city of Louisville as such, it is manifest that it was a contract with the city of Louisville. (Dillon on Municipal Corporations, 3d ed., sec. 452; Murphy v. City of Louisville, 9 Bush, 189.)

5. Copies of the ordinance authorizing the improvement and of the contract therefor and the apportionment, each attested by the comptroller were filed by the appellants as part of their answer, and the said copies so attested, proved every allegation of fact necessary to be established by the appellees. (Zable v. Louisville Baptist Orphans, etc., 92 Ky. 89; City of Louisville v. Johnston, 95 Ky., 254; Ky. Stats., sec. 2838.)

6. According to the argument of appellant, section 14 of the ordinance of 1894 is void, and if void it does not compel contractors to keep up the streets for five years, nor does it interfere with the balance of the ordinance. (Murphy v. City of Louisville, 9 Bush, 189; State v. Copeland, 3 Rhode Island, 33. Lea v. Brumm, 87 Penn. St., 237; State v. Brown, 19 Florida, 563; State v. Dovers, 34 Ark., 188; Attorney v. Amos, 60 Mich., 372; Cooley on Constitutional Limitation, 6th ed., 209, 210, 211.) And if that section is void the ordinance must be read as if said section were not in it. Burnett's Code, 543; City of Louisville v. Muldoon, 15 Ky. L. R., 235.) The proper construction of section 14 of ordinance of 1894 is that the contractor was only bound to make good such portion of his work as might prove within the specified time to be defectively done. (Louisville v. Henderson, 5 Bush, 515; Covington v. Dressman, 6 Bush, 214; Fisher v. Iron Co., 10 Wis., 355; Baker v. Lorrillard, 4 Comstock, 261; Kearney v. Battles, 1 Ohio St., 366; Rocknell v. Nelson, 24 Ind., 424; Welch v. Sullivan, 8 Cal., 188; South v. Thomas, 7 Mon., 62; Franklin County v. L. & N. R. Co., 84 Ky., 65; Olcott v. Supervisors, 16 Wall., 678; Louisville v. Henderson, 5 Bush, 515; Gosnell v. City of Louisville, 14 Ky. L. R., 720; Schenectady v. Union College, 66 Hun., 73 N. Y., 187; People v. Maher, 56 Hun., 81; Raner v. Loud, 40 Pacific Rep., 377; Byrne v. The Luming Co., 38 Pacific Rep., 454; Slaughter v. City of Louisville, 89 Ky., 123.)

JUDGE Du RELLE DELIVERED THE OPINION OF THE COURT.

These cases have been heard together, and are appeals from judgments enforcing liens for the improvement of a part of Oak street, in Louisville, by original construction of the carriage-way.

The case of Dickson v. Gleason presents a question of jurisdiction not presented in the other case, which may be first disposed of. It was a suit upon apportionment warrants for street improvements, and the amount adjudged in the court below, as a lien upon the property of any one of the defendants, was less than $100, though the aggregate amount of the judgments is more than that sum.

It has been settled in this State that separate judgments

can not be added together, in order, to give jurisdiction by the amount involved. "The legal questions involved may be identical, but the judgments are entirely distinct." (Zabel v. Harris, 82 Ky., 475; Oswald v. Morris, 92 Ky., 52). But the question remains whether this court has jurisdiction of the appeal in this case, irrespective of the amount of the judgment.

Section 950, Kentucky Statutes, provides: "No appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than one hundred dollars, exclusive of interest and costs, nor to reverse a judgment granting a divorce. . . . In all other civil cases the Court of Appeals shall have appellate jurisdiction over the final orders and judgments of all courts."

In common acceptation the words "judgment for the recovery of money or personal property" imply a personal judgment. In this procedure no personal judgment was sought or obtained. The proceeding was *in rem* against the property, and provides for a sale of the land. There seems little difference beween the judgment in this case for the sale of land under a proceeding *in rem* to satisfy the lien upon it, and a judgment for the recovery of land, which it is conceded may be brought to this court by appeal, irrespective of the value of the land. (Smith v. Moberly, 15 B. M., 72.)

In our opinion a judgment *in rem* to enforce a street assessment lien may be appealed without regard to the amount of money for which the lien is adjudged. The next question for decision is whether the ordinances providing for the improvements were so passed as to be valid.

By section 2834, Kentucky Statutes (a section of the act

for the government of cities of the first class), it is provided that . . . "no ordinance for any original improvement mentioned in this act shall pass both boards of the general council at the same meeting, and at least two weeks shall elapse between the passage of any such ordinance from one board to the other."

In the case of Fehler v. Gosnell, the ordinance providing for the improvement passed the lower board on April 5th, and the upper board on April 19, 1894; and the appellants contend that two weeks did not "elapse" between the votes of the two boards, within the meaning of the statute. It is earnestly contended by counsel for appellants—and much authority from other States is cited in support of their position—that the intent of the statute was to provide for fourteen full days between the days of the passage of the ordinance by the respective boards; but this contention does not seem to us to be supported either by the ordinarily accepted use of the language or by the statutory rule of construction of this State. In ordinary language a provision that two weeks must elapse between two acts would be considered as fulfilled by the first act occurring Thursday, and the second act occurring Thursday two weeks thereafter.

Moreover, section 453, Kentucky Statutes, provides that "if a statute requires a notice to be given, or any other act to be done a certain time before any motion or proceeding, there must be that time, exclusive of the day for such motion or proceeding; but the day on which such notice is given or such act is done may be counted as one day and part of the time."

It is to be observed that the time required by section 2834 of the statutes is between the *passage* by one board and the *passage* by the other, and is not between the *day* on which

it is passed by one board and the *day* on which it is passed by the other.

Without undertaking to answer in detail the ingenious argument of counsel for appellant, it is sufficient to say that, in our opinion, the statute requires only that the passage by the first board shall be fourteen days before the passage by the other board; and that, in this case, that provision has been complied with. (Woods v. Patrick, Hardin, 457; Pollard v. Yoder, 2 A. K. Marshall, 264; Ogden v. Redman, 3 A. K. Marshall, 234; Sanders v. Norton, 4 Monroe, 464; Wood v. Commonwealth, 11 Bush, 220; and Mooar v. Bank of Covington, 80 Ky., 305.)   Nor can we concede much force to the contention that section 453 of the statutes, being a general law of construction, must yield to the peculiar language employed in the act for the government of cities of the first class.   The latter act is also a general law, and must be so under the Constitution.

The next objection to the judgments in these cases is based upon section 67 of the act for the government of cities of the first class (Kentucky Statutes, section 2829), which provides that whenever the board of public works shall order any work to be done, to be performed by independent contract, there shall be prepared and placed on file in said office complete drawings and specifications of said work.   "Thereupon said board shall cause a notice to be published in one daily or weekly newspaper, of general circulation, published in said city, once in each week for two weeks, informing the public of the general nature of the work, of the fact that the drawings and specifications are on file in said office and of the nature and extent of the bond or security required, and calling for sealed proposals for said work by a day not earlier than ten days after the first of said publications."

Fehler v. Gosnell.

Appellants claim that the demurrer to the petition should have been sustained, because it did not allege that the notice informed the public of the general nature of the work or of the fact that the drawings, etc., were on file in the office of the board or gave information of the nature or extent of the bond or security required.

The averment of the petition is as follows:

"And the plaintiffs say that the said board of public works caused to be printed and published, on the 5th and 18th days of April, 1894, in and by the said Evening Post and Louisville Anzeiger, advertisements; that, up to 12 m. on the 18th day of April, 1894, bids, offers and proposals would be received by said board of public works from persons offering, proposing and bidding to furnish all necessary labor and material therefor and to construct and complete the improvement of the carriage-way of Oak street, 30 feet in width, from the west line of 15th street to the center line of 16th street with the material and in the manner as prescribed by it and as provided for in the ordinance hereinbefore referred to as approved March 1, 1894."

After the demurrer was overruled, the defendants in each case pleaded over and filed with their answers copies of the notice which was actually given, and averred failure in said notices to comply with the provisions of the statute. The questions desired to be raised by the demurrer, therefore, were raised upon the actual facts of the notices, and we can not see that the action of the court in overruling the demurrers was error to the prejudice of the substantial rights of the appellants.

As each defendant filed an answer to the petition "it must be regarded as a waiver or virtual withdrawal of the demurrer, and leaves him in the same condition he would have

been had the demurrer never been filed." (Patrick v. Conrad, 3 Marshall, 613; Curran v. Osborn, 10 B. Mon., 156.)

The objections to the sufficiency of the notices given by the board of public works are:

First. That the notice does not inform the public of the general nature of the work, but refers to the general ordinance regulating the improvement of streets.

Second. That it does not state the nature and extent of the bond or security required, but merely states that bond with approved security will be required.

These objections would have more force in a proceeding by way of injunction to prevent action under this ordinance. After the contract has been let and the work performed, we think it too late to rely upon these objections. (Section 2834, Kentucky Statutes.)

It is further objected that the apportionment warrants purport to have been ordered by the general council and are signed "J. Henry Hoertz, Clerk B. of P. W." This objection appears to us to be founded upon an erroneous theory that the apportionment warrants are the necessary basis for the action. If the warrants had been for other and erroneous amounts, the facts set out in the petition would justify a recovery by the plaintiff, provided the ordinance was in other respects valid.

We do not further consider these objections at this time because the remaining contention of appellants is, in our judgment, decisive of the case.

The ordinances for the improvement of the carriage-way of Oak street, one approved March 1, 1894, and the other May 15, 1894, provide that the carriage-way of Oak street between the points stated shall be improved "as designated in the ordinance concerning the improvement of streets with

vitrified brick or block pavement." approved on the 5th day of February, 1894.   By the 14th section of that ordinance it was provided:

"The contractor shall guarantee the faithful performance of his contract according to this ordinance, and the pavement therein specified and the materials composing the same shall be kept in good repair for the period of five years from the completion of the work and its acceptance by the board of public works; and, to protect the city as to the character of said work and material and such repairs as may be needed, the board of public works to be the judge, the contractor shall deposit bonds of the city of Louisville   or   of   the   United   States,   amounting   to ten per cent. of the original contract price of the entire work, with the city treasurer, who shall hold the same, principal and interest, to be applied, so far as need be, in the necessary repairs of said work; and, at the end of said five years, the unexpended balance, if any, to be subject to the order of said contractor.   Should the board of public works be of opinion that any repairs are needed on the work during the contract period, they may give the contractor notice in writing of such necessity, and he shall commence making the same within three days after such notice and prosecute the same with all due diligence to completion.   Should he fail to begin said work within three days, this board may have said repairs made and charge same to said contractor; and to pay this expense of such repairs may sell for cash as many of the bonds herein mentioned as may be necessary to pay for same.   Said sale to be made at public auction at such time and place as the board may order, notice of said sale being given by one insertion in the papers doing the city printing and advertising."

Under sections 2833-4, Kentucky Statutes, it is only when the improvement of a public way is by original construction that the improvement is to be made at the exclusive cost of the owners of lots in each fourth of a square abutting upon said improvement. When the improvement is by reconstruction or repair, the cost of it is to be provided out of the taxes upon the city at large, special levies being provided for these purposes; and the contention of appellants is, that the ordinance above quoted, and the contract made in compliance therewith, provide for keeping the improvement in repair for the space of five years, and thereby charge the property-holder with the cost of repairs to the street for that period, in addition to the cost of the original construction.

The cases in this State are:

First. The City of Louisville v. Henderson, 5 Bush, 520, in which case the stipulation was that the contractor was required to keep his work in repair for six months after its reception by the general council; and the case was decided upon the theory that the thing stipulated was that "the work—his work—on the street he will keep in repair—not all injuries to the street which may result from other causes than defects in his work."

Second. The City of Covington v. Dressman, 6 Bush, 214. In that case the covenant was to keep the work in repair. Referring to the Henderson case the court said:

"This court held that a similar contract to keep in repair for six months, according to the evidence in that case, meant simply a guaranty that the work was well done, as if so it would need no repair in that time. It is certainly not a felicitous way of expressing the guaranty for sound, good work, yet that may be what it means; at least it would be so presumptively held on demurrer, when, if such is not the

case, this may be put in issue and elucidated by the evidence; and, on the contrary, if it should appear that this imposes an additional burden on the property holders, and is not a mere guaranty by the contractor that he will perform his work, *they should, to that extent, be released;* for it is the duty of the city to keep such streets in repair and not impose this on the property holders."

In the second case referred to it may well be considered that a provision in the contract that the contractor should keep his *work* in repair for a limited period of time of six months or a year was merely an unfortunate mode of expressing the guaranty that the work was well and properly done at the time it was received by the city; as if well done it would need no repairs during the time specified; and the provision being specifically limited to the contractor's *work*, it may well be considered as not applying or intended to apply to any repairs which might be necessary from other causes than defects in the contractor's work.

But in the case of Gosnell, &c. v. City of Louisville, 14 Ky. Law Rep., 719, the Superior Court held that "the requirement in an ordinance, contracting for the improvement of a street, that 'the pavement and material composing the same shall be kept in good repair for the period of five years from the completion of the work and its accceptance by the general council,' does not bind the contractor to do more than remedy the defects in his work as they may appear or develop, and in no way compels him to keep the street in repair; and, as he can not be presumed to add that expense to the estimate, the abutting property owner, in paying his assessment for street building, pays nothing, either directly or indirectly, for repairs.

"Even if the provision quoted binds the abutting property

owner to contribute to keep up the repairs on the street for
five years, yet, as it is not so interwoven with the other
provisions of the ordinance as to vitiate the whole, the con-
tractor is still entitled to recover except to the extent the
defendant's assessment has been increased on that account.
And as there is nothing in the petition to show that there
has been any increase in defendant's assessment on that
account, the demurrer to the petition was properly over-
ruled."

In these conclusions of the Superior Court we are unable
to concur except the conclusion that the contract to keep
up the repairs is not so interwoven with the other pro-
visions of the ordinance as to vitiate the whole.

In this case the contractor is required not only to guar-
antee the faithful performance of his contract according to
the ordinance, but that "the pavement therein specified and
the materials composing the same shall be kept in good
repair for the period of five years;" and, further, that "to
protect the city as to the character of said work and ma-
terial, *and such repairs as may be needed,* the board of public
works to be the judge, the contractor shall deposit bonds of
the city of Louisville or of the United States amounting to
ten per cent. of the original contract price of the entire work
with the city treasurer, who shall hold the same, principal
and interest, to be applied as far as need be in the necessary
repairs of said work."

This provision in our judgment not only embraces a
guaranty of faithful work, but also a provision for repairs
rendered necessary by other causes than defects in the con-
tractor's work. We are equally sure that these provisions
requiring the withdrawal of capital from the contractor's
business, and its investment in bonds as a security for the

making of repairs, of whose nature and extent he could not be certain, caused the bids for the work to be higher than they would have been without such provisions.

In the somewhat similar case of Brown v. Jenks, in the Supreme Court of California, 98 Cal., 10, the court said of a five years' stipulation to repair: "The bond is not only unauthorized by the words of that statute, but the requirement changes and may increase the burdens of the property owner.  It is manifest that an obligation to keep the street in repair for five years is a burden which one would not undertake for nothing.  Therefore, the contractor would charge a higher price for the work when he was forced to contract also for repairs.  The expense is indefinite and the property owner must pay for the repairs in advance, whereas the statute provides for them after the necessity for them appears, when, it being contingent, he will be paying for the repairs which may never be required.  And then they are assessed upon a different basis from that required by the statute.  .  .  .  Officers are provided and vested with the power and charged with the duty of seeing that such work is properly done.  The bond can not be substituted for the performance of this duty.  Besides, it is for all repairs, and not such as may result from the defects in the work.  It covers repairs for defects from unforeseen causes or wanton abuse of the street by individuals."

In the case of The People v. Maher, 63 New York, 83, the contractor was bound to keep the street in repair for seven years from the completion of the work.  The court in that case said:  "Other bidders may have thought it necessary to make their bids higher, for the reason that they would be required to keep the work in repair for seven years, and if no such requirement had been inserted such other bidders

might have made a proposal lower than this contractor; then the property owners would have had less to pay, and for the ensuing years the city would have done repairs. . . . A further argument is made, viz, that since 1893 every contract of paving has required the contractor to keep the pavement in repair for a year; but this may reasonably be considered a time within which to test the pavement. Defects in construction may not appear immediately, and this time of one year may be proper in order that such defects may become apparent. By the present contract five per cent. of the price is to be retained for not more than one year as a guaranty that the work will be kept in good order. . . . The city, therefore, compels the property owner to pay the contract price not only for laying the pavement but for seven years' repairs. This it has no right to do." (McAllister v. City of Tacoma, 37 Pacific Rep., 447.)

We do not, however, concur with the ruling of the New York court in People v. Maher, *supra*, that the ordinance was entirely void, but concur with the opinion of the Superior Court in Gosnell v. City of Louisville, that "the contractor is still entitled to recover, except to the extent the defendant's assessment has been increased on that account."

The act for the government of cities of the first class contains the provision that "no error in the proceedings of the general council shall exempt from payment, after the work has been done as required by either the ordinance or contract; but the general council, or the courts in which suits may be pending, shall make all corrections, rules and orders to do justice to all parties concerned." (Kentucky Statutes section 2834.)

The city had authority to contract for the repairs of streets, provided such contract were not made in violation of

other requirements of the statute; and the contractor can recover of the city such portion of the contract price as was for repairs to the street.

The contention of appellants, that the contract is invalid because, while reciting that the name of the city of Louisville "is hereto subscribed," it does not show the name of the city of Louisville signed by any official, need not be specially noticed. The seal of the city was affixed, and the mayor of the city, who was the proper person to sign the name of the city of Louisville, signed his own name as mayor. In our opinion this was a sufficient execution of the contract by the city. (Kentucky Statutes, section 2817.)

For the reasons stated the cases are reversed and remanded, with directions for further proceedings consistent with the principles of this opinion.