CASE 50—ACTION ON APPORTIONMENT WARRANT—JANUARY
20, 1899.

# City of Louisville v. Clark, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. MUNICIPAL CORPORATIONS—APPORTIONMENT WARRANTS—CORREC-
   TION OF.—A chancery court has power to correct an apportion-
   ment warrant issued pursuant to the charter of cities of the
   first class so as to eliminate from it the amount improperly in-
   cluded for prospective repairs.
2. APPEALS—CROSS-APPEALS AGAINST PERSONS NOT PARTIES TO THE
   ORIGINAL APPEAL.—While a cross-appeal can not be properly
   taken against one not a party to the original appeal, such an
   appeal taken against persons who would have been proper par-
   ties to the original appeal and to which such persons entered
   their appearance, will be treated as an original appeal.

H. S. BARKER AND H. L. STONE FOR THE APPELLANT.

PHELPS & THUM AND LANE & BURNETT FOR THE APPELLEES.
        (No brief in the record for either the appellant or appellees.)

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This action was instituted by appellees to enforce liens
on the lots of appellees Dinwiddie, Thomas, Maguiar, and
Hillerich abutting on Chestnut Street, in Louisville, to sat-
isfy certain apportionment warrants issued "for the origi-

nal construction of Chestnut street, from the west line
of 26th to the center line of 27th street, by grading, curb-
ing, and paving it with vitrified brick or block pave-
ment, with corner stones at the intersection of streets and
alleys, and footway crossings across all intersecting
streets and alleys, in accordance with a general ordinance
concerning the improvement of Chestnut street approved
April 25, 1892."

The defendants (appellees here) resisted the claim
on several grounds: First, they allege in their answer
that the necessary preliminary steps to authorize the
letting of work and the enforcement of the liens for
the payment therefor against abutting lots were not taken
as required by the charter and ordinance; second, in the
fourth paragraph of their answer they allege that the ordi-
nance and contract under which the work was done are
void, because they provide that the contractor should keep
the street so constructed in repair for five years after its
completion at the expense of the lot owners.

Appellees (as plaintiffs in the action) demurred to the
fourth paragraph of the answer, which the chancellor over-
ruled, holding that the ordinance and contract under which
the work was performed were void, and adjudged that the
demurrer be carried back to the petition, which was based
on the ordinance and contract, and therefore set out no
cause of action against the defendants, and allowed plain-
tiffs to amend. Appellees thereupon filed an amended peti-
tion, bringing appellant, the city of Louisville, before the
court, and seeking to make it responsible for the amount
due, on the ground that it had contracted for the work, and
had received it, and issued therefor apportionment war-
rants against the abutting lots, which warrants the chan-
cellor had held invalid.

No denial was made by appellant of the aver-
ments of the amended petition, and the court there-
upon rendered a judgment dismissing the petition, so far
as the defendant abutting property holders were con-
cerned, and gave judgment against the city of Louisville
for the full amount called for in the apportionment war-
rants sued on; and this appeal is prosecuted to reverse that
judgment.

The identical question involved in this case was de-
cided by this court in the case of Fehler v. Gosnell, 99 Ky.,
380, [35 S. W., 1125]. It was held in that case that a
similar ordinance was not void, but that, if the price of the
five years' repairs entered into the bid of the contractor,
on proof of such fact the cost of the work, as against the
lot owners, should be abated, and credit allowed for the
amount of the contract price intended to cover such re-
pairs; that the abutting owners were bound to pay the
actual cost of the improvement, less the cost of the five
years' repairs, which might be recovered from the city.

Section 2834, Kentucky Statutes, provides "that no error
in the proceedings of the general council shall exempt from
payment after the work has been done as required either by
the ordinance or contract, but the general council or the
court in which the suit may be pending shall make all cor-
rections, rules and orders to do justice to all parties concern-
ed; and in no event, if such improvement be made as pro-
vided for either by ordinance or contract, shall the city
be liable for such improvements without the right to en-
force it against the property receiving the benefit thereof."

It seems to us that there can be no doubt that the chan-
cellor in this proceeding can make the necessary corrections
in the apportionment warrants, and render judgment
againts the lot owners for the actual cost of construction.

The judgment appealed from in this case was rendered on the 5th day of March, 1896, and the appeal by the city of Louisville was filed on the 1st day of September, thereafter, and in the statement filed with the transcript by appellant only R. L. Clark and the Jackson Loan & Investment Company were named as appellees. On the 10th day of November, 1896, these appellees moved for and were granted a cross appeal against the appellant, and the abutting property owners sued in the original petition. At the time of the granting of this appeal, there was no statement filed by them, as required by section 739 of the Code of Practice, but counsel of the abutting property owners entered their appearance in writing to this appeal.

It is now insisted by these appellees that the alleged cross appeal granted by this court to plaintiffs in the court below is a nullity, because a cross appeal is allowed only to an appellee against the appellant, and not against a co-appellee,—citing a number of adjudications of this court.

In this case the abutting property owners were not made parties to the original appeal prosecuted by the city, and therefore were not appellees in that proceeding. The appeal granted by this court to the contractors is an original appeal from the judgment of the lower court dismissing their petition against the abutting property owners in the judgment of March 5, 1896.

It is true that these appellants did not file in the office of the clerk of this court a copy of the judgment from which they appealed, or comply with the provisions of section 739 of the Code, in so far as that section requires a statement; yet it does appear that the identical judgment appealed from had been filed upon the original appeal, and that appellees, the abutting property owners, voluntarily entered their written appearance to this appeal of the con-

tractors, and made no objection thereto until after the case had been regularly submitted, and after the expiration of the two years in which such appeal could be taken.

This objection can not be raised by brief on a final submission of the case upon its merits. By the entry of their appearance, and failure to make motion to dismiss the appeal before submission, they have waived any right they might have had to object to any irregularity in the granting of the appeal.

For the reasons indicated, so much of the judgment as dismisses the petition of plaintiffs against the abutting property holders, and gives judgment for the whole amount sued for against the city of Louisville, is reversed, and the cause is remanded for further proceedings consistent with this opinion.

CASE 51—RULE ON CIRCUIT JUDGE TO ENTER JUDGMENT FOR DAMAGES—JANUARY 21, 1899.