CASE 11—STREET IMPROVEMENT—MARCH 11.

## Gleason, Etc. v. Barnett, Etc.
## City of Louisville v. Gleason, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. MUNICIPAL CORPORATIONS—CITIES OF THE FIRST CLASS—STREET IMPROVEMENTS.—An ordinance for the construction of a carriage way on Highland avenue in the City of Louisville providing that said carriage way should be thirty feet in width and should be improved by grading, curbing and paving with vitrified pavement or block pavement with corner stones at the intersections of streets and alleys and foot-way crossings across all intersecting streets and alleys, in accordance with the designs and dimensions shown upon the drawings on file in the office of the board of public works and as designated in the ordinance entitled "An ordinance concerning the improvement of streets with vitrified brick or block pavement," and at the cost of the owners of ground in a defined boundary upon Highland avenue, the cost to be equally apportioned among the owners of property according to the number of square feet of ground owned by the parties respectively within the defined boundary, is not invalid either first, in attempting to charge the whole cost of the work including the carriage way and curbing to a defined tax district by the square foot, or, second, in failing to make any provision for the additional charge of twenty-five per cent. against corner lots.

**126** KENTUCKY REPORTS. [Vol. 106

Gleason, &c., v. Barnett, &c.. City of Louisville v. Gleason, &c.

2. SAME.—An allegation in the petition for the enforcement of a street assessment that the ordinance for same was passed on the recommendation of the board of public works is conclusive in the absence of any denial that the board of public works recommended the passage of the ordinance.

3. SAME.—If the ordinances for the construction of Highland avenue were defective for either of the causes set out in paragraph one herein, the defect could be remedied by the chancellor by the express provisions of section 2834 Kentucky Statutes.

4. RES ADJUDICATA—DISMISSAL ON DEMURRER.—The dismissal of the action against the property owners on demurrer was not a decision of the case upon its merits and the judgment against the city was premature.

LANE & BURNETT FOR GLEASON, &c.

If it be that the property owner is not responsible, then it is clear that the municipality is, because the ordinance for the improvement and the contract for the improvement were passed and entered into after April 1st, 1880, and prior to July 1st, 1893. City of Louisville v. Meyer, 17 Ky. Law Rep., 666.

H. L. STONE, CITY ATTORNEY, FOR THE CITY OF LOUISVILLE.

The ordinance for the construction of Highland avenue was legally passed. It passed one board on the 29th of September, 1892, and the other on October 13, 1892. The decision of the court below that two weeks did not lapse between this action of the two boards was erroneous. Fehler v. Gosnell, 99 Ky., 380.

T. L. BURNETT, JOHN ROBERTS AND H. H. HERR FOR THE APPELLEES. (BARNETT, MILLER & BARNETT OF COUNSEL.)

1. If a city ordinance is repugnant to the charter of the city, it is necessarily null and void. Ky. Stats., sec. 2833 (sec. 70, city charter); sec. 2826 (sec. 64 city charter); Stone's Ordinances of 1897, p. 22; Caldwell v. Rupert, 10 Bush, 179; Craycraft v. Selvage, 10 Bush, 696; Reed v. Toledo, 18 Ohio St., 161; Vance v. Little Rock, 30 Ark., 435; R. R. Co., v. Alexandria, 17 Gratt. (Va.), 176; Nelson v. Laporte, 33 Ind., 258; State v. Hoboken, 33 N. J. Law, 280; Elliott on Streets and Roads, pp. 371-2, 373-4; City of Burlington v. Keller, 18 Iowa, 65; Wood v. Brooklyn, 14 Barb., 425; Cullinan v. New Orleans, 28 La. Ann.,

Vol. 106]     JANUARY TERM, 1899.     127

Gleason, &c., v. Barnett, &c..  City of Louisville v. Gleason, &c.

102; Livingston v. Albany, 41 Ga., 21; Indianapolis v. Gas Co., 66 Ind., 396; Pesterfield v. Vickers, 3 Cold. (Tenn.) 205; Haywood v. Savannah, 12 Ga., 304; Judson v. Reardon, 16 Minn., 341; Com. v. Turner, 1 Cush, 493; 17 Am. & Eng. Enc. of Law, 251; Thompson v. Schermerhorn, 6 N. Y. (2 Sheld), 95; s. c. 55 Am. Dec., 385; Davis v. City of Leitchfield, 145 Ill., 313; s. c. 33 N. E. R., 888.

2. Although from the record an appellate court will have to reverse a case, where the record clearly shows that the cause can be decided on its merits, the appellate court will direct the lower court what judgment to enter. Whittemore v. Stout's Admr., 7 Dana, 236; Shropshire v. Reno, 5 Dana, 584; Elliott on Appellate Procedure, sec. 567; McAfee v. Reynolds, 23 N. E. R., 425 (Supreme Court of Indiana); Lemke v. Daegling, 52 Wis., 500.

3. By the charter of cities of the first class the property owners are liable for the construction of a street, but not for a reconstruction thereof, as the charter provides that it is the duty of the city at large to maintain and reconstruct streets. Ky. Stats., sec. 2833 (city charter, sec. 70); Acts of Ky. Legislature, 1869-70, vol. 2, p. 37; Lucas' Digest, p. 14; Acts, 1881-2, vol. 1, p. 408; Burnett's Code, p. 506; Acts 1891-2-3, p. 1265, *et seq.*; Ky. Stats., 2836; Burnett's Code, p. 735, secs. 84 to 96; Fox v. Middlesborough Town Co., 96 Ky., 262; s. c. 16 Ky. Law Rep., 455; s. c. 28 S. W. R., 776; Dulaney v. Bowman, Burnett's Code, p. 540; Hammett v. Philadelphia, 65 Pa. St., 146; Williamsport v. Beck, 128 Pa. St., 147; City of Harrisburg v. Segelbaum, 151 Pa. St., 172; Philadelphia v. Ehret, 153 Pa. St., 1.

4. Delegated authority can not be delegated, so when a board of public works attempts to confer its duties upon any one member, all the proceedings thereafter become nugatory. Ky. Stats., secs. 2826, 2806, 2804, 2803, 2805, 2833, 2832, 2834, 2835, 2836; Hydes v. Joyce, 4 Bush, 464; s. c. 96 Am. Dec., 311; Detroit Young Men's Society v. Mayor of Detroit, 3 Mich., 173; Rice v. Richardson, 1 Western Law Journ., 395; Tidd v. Rines, 26 Minn., 201; Keith v. Hayden, 26 Minn., 212; "Recommend" as defined by Webster; Caldwell v. Rupert, 10 Bush, 179; Preston v. Roberts, 12 Bush, 570; City of Burlington v. Keller, 18 Iowa, 65; Wood v. Brooklyn, 14 Barb., 425; Cullinan v. New Orleans, 28 La. Ann., 102; Livingston v. City Council, 41 Ga., 21; City of Indianapolis v. Gas Light & Coke Co., 66 Ind., 396; Pesterfield

128        KENTUCKY REPORTS.        [Vol. 106

Gleason, &c., v. Barnett, &c..   City of Louisville v. Gleason, &c.

v. Vickers, 3 Cold. (Tenn.), 205; Haywood v. Savannah, 12 Ga., 304; Davis v. City of Leitchfield, 145 Ill., 313; s. c. 33 N. E. R., 888; Judson v. Reardon, 16 Minn., 341; Com. v. Turner, 1 Cush., 493; 17 Am. & Eng. Ency. of Law, 251-2; Thompson v. Schermerhorn, 6 N. Y., 96; Craycraft v. Selvage, 10 Bush, 696; Worthington v. Covington, 22 Ky., 265; Broadway Baptist Church v. McAtee, 8 Bush, 508; s. c. 8 Am. Rep., 480.

5. To impose burdens upon lot owners for municipal improvements, the law relating to the giving notice must be strictly complied with. Where this is not done, the lot owner can not be held liable for a street assessment. Ky. Stats., sec. 2829; Hydes v. Joyce, 4 Bush, 464; s. c. 96 Am. Dec., 311; Thompson v. Schermerhorn, 6 N. Y., 92; s. c. 55 Am. Dec., 385; French v. Edwards, 13 Wall., 506; Com. v. Mitchell, 3 Bush, 25; s. c. 96 Am. Dec., 192.

6. Where a city charter provides that the lot owner shall be liable for the construction of a street, and the city at large for the reconstruction, the city has no power to require the contractor for constructing a street to give bond, that he will keep the same in repair for five years, as that imposes the duty of reconstructing the street upon the property owners. Louisville v. Henderson, 5 Bush, 515; Covington v. Dressman, 6 Bush, 211; Ky. Stats., sec. 2833; Brown v. Jenks, 98 Cal., 10; s. c. 32 Pac., 10; Burnett v. Lewellyn, 32 Pac., 70; Excelsior Pav. Co. v. Leach, 34 Pac., 116; Same v. Pierce, 33 Pac., 727; Brown v. Baker, 33 Pac., 728; Brown v. Winship, 33 Pac., 728; People v. Maher, 56 Hun, 83; McAllister v. Tacoma, 37 Pac., 447; Fehler v. Gosnell, 99 Ky., 380; Boyd v. Milwaukee, 92 Wis., 458; Schnectady v. Trustees of Union College, 66 Hun, 179; Same v. Same, 144 N. Y., 241; Morse v. Westport, 110 Mo., 502; Vardin· v. St. Louis, 131 Mo., 26; s. c. 33 S. W., 493; "Maintain" as defined by Webster and Worcester; Moon v. Durden, 2 Exch., 21; Railroad v. Goodman, 4 N. E. R. (Ind.), 163; "Repair" as defined by Webster; Street Railway Co. v. Galveston, 69 Tex., 663; Railroad v. Pittsburg, 80 Pa. St., 76.

7. In street assessments no greater number of square feet can be taxed on one side than on the other. Preston v. Roberts, 12 Bush, 570; Loeser v. Redd Bros., 14 Bush, 18.

8. If a contractor has placed it out of his power to compel a proper distribution of the assessment, he is estopped to claim enforcement as to others.

9. It is against public policy for a street contractor and his surety to be partners.

10. The assertion of a lien on real property for street improvements is a cloud upon the title of the lot owners, and when so asserted unjustly, a bill will lie in equity to cancel the same.   Marvin v. Saratoga, 56 Hun, 510; Dudley v. Frankfort, 12 B. M., 610.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This action is brought against property owners to recover the cost of improving Highland avenue from the north-easterly line of East Broadway to the center line of Everett avenue, if extended.   The ordinance providing for the improvement reads as follows: "That the carriageway of Highland avenue, from the northeasterly line of East Broadway to the center line of Everett avenue (if extended), shall be thirty (30) feet in width, and shall be improved by grading, curbing, and paving with vitrified brick or block pavement, with corner stones at the intersection of streets and alleys, and footway crossings across all intersecting streets and alleys.   Said work shall be done in accordance with the designs and dimensions shown upon the drawings on file in the office of the Board of Public Works, and as designated in an ordinance, entitled 'An ordinance concerning the improvement of streets with vitrified brick or block pavement,' approved the 5th day of February, 1894; and at the cost of the owners of ground on the northwesterly side of Highland avenue between East Broadway and a line at right angles to Highland avenue, passing through a point where the center line of Everett avenue (if extended) would intersect the northwesterly line of Highland avenue. and extending back to a line two hundred and thirty-five feet distant from, and parallel to, Highland avenue, and on the southeasterly side of Highland avenue, between East Broadway and Everett avenue, and extending back to a line two hundred and thirty-five

[9]

feet distant from, and parallel to, Highland avenue; the cost to be equally apportioned among the owners of property according to the number of square feet of ground owned by the parties, respectively, within the limits above set out, and that all ordinances in conflict herewith be, and are hereby, repealed."

The principal objections urged to the validity of the ordinance are: (1) It attempts to charge the whole cost of the work, including carriageway and curbing, to the defined tax district, by the square foot; (2) in failing to make any provision for the additional charge of 25 per cent. against corner lots; (3) that the Board of Public Works did not recommend the passage of the ordinance.

The general council, in passing the ordinance, was controlled by section 2833, Kentucky Statutes, which reads as follows: "When the improvement is the original construction of any street, road, lane, alley or avenue, such improvement shall be made at the exclusive cost of the owners of lots in each fourth of a square, to be equally apportioned by the Board of Public Works according to the number of square feet owned by them respectively, except that corner lots (say thirty feet front and extending back as may be prescribed by ordinance) shall pay 25 per cent. more than others for such improvements. Each subdivision of territory bounded on all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement of such public ways shall state the depth, on both sides fronting said improvement, to be assessed for the cost of making the same, according to the number of square feet owned by the parties respectively, within a depth as set out in the ordinance." It is averred in the petition that

the improvement was the original construction of the street; that the territory contiguous to the street where the improvement was made was not defined into squares by principal streets; that the ordinance fixed the depth, on both sides fronting the improvement, to be assessed for the cost of making the same, according to the number of square feet owned by the parties, respectively, within the depth which was designated in the ordinance.

We will consider the objections urged to the validity of the ordinance in the order stated:

1. When the improvement is an original construction, it is made at the exclusive cost of the owners of lots. When the territory which shall comprise the taxing district is bounded by principal streets, the Board of Public Works is required to apportion the cost to the owners of the lots in each fourth of a square according to the number of square feet owned by them, respectively, except that corner lots of certain dimensions shall pay 25 per cent. more than others for such improvement. It is within the power of the general council, by ordinance, to declare where the improvement shall be made, and how it shall be made; but the General Assembly has declared how the cost shall be apportioned when the territory is defined into squares by principal streets, and that it shall be done by the Board of Public Works. The General Assembly has likewise provided how the territory contiguous to a public way, which is not defined into squares by principal streets, shall bear the burden of an improvement of a street by original construction. When such is the case, the general council, by ordinance providing for the improvement, is required to state the depth, on both sides fronting the improvement to be assessed for the cost of making the same, according to the number of square feet owned by the parties, respect-

132          KENTUCKY REPORTS.          [Vol. 106

Gleason, &c., v. Barnett, &c.. City of Louisville v. Gleason, &c.

ively, within the depth as set out in the ordinance. The ordinance in question did this in full compliance of the requirements of the statute.

2. While the ordinance says the cost of improvement is to be equally apportioned among the owners of property, according to the number of square feet of ground owned by the parties, respectively, within the limits designated, still, if the language of the ordinance indicates the general council attempted to regulate the cost of curbing, it amounts to a mere expression of opinion that the curbing should be paid for by the parties owning the lots according to the number of square feet owned by them.

Section 2835, Kentucky Statutes, regulated, at the time of the improvement, the cost of making curbing, and which required it to be apportioned to the front foot as owned by the parties, respectively, fronting on the improvement, except that each corner lot shall pay the cost of its sidewalk intersection. The mere fact that the general council may have entertained an erroneous opinion as to how the cost of curbing should be apportioned does not, in the slightest degree, affect the validity of the ordinance, in so far as it orders the improvement and defines the boundary of the territory which is to pay the cost of it.

3. The objection urged to the validity of the ordinance, that the Board of Public Works did not recommend its passage, is fully answered by the statement that it is expressly alleged in the petition that the ordinance was passed on the *recommendation* of the Board of Public Works. If what we have said does not sufficiently answer the objection urged, a complete answer thereto is made in section 2834, Kentucky Statutes, wherein it is said: "Payments may be enforced upon the property bound therefor by proceedings in court; and no error in the pro-

ceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract; but the general council, or the courts in which suits may be pending, shall make all corrections, rules and orders to do justice to all parties concerned."

It is averred that the work contemplated by the ordinance was done as required by the contract. The manifest purpose of the Legislature, in the use of the language quoted, was to modify the rule of strict construction with reference to the statutes and proceedings thereunder, imposing burdens upon the taxpayer for the improvement of public ways, and to establish a rule which would authorize the *general council, or the courts* in which suits might **be brought,** to enforce claims against property owners, to make *all corrections and rules and orders,* so as to do *justice* to all parties concerned, where it appeared the improvement had been made as required by either the *ordinance or contract.*

The appellants Gleason and others filed a demurrer to the answer of the defendants and the court made it relate to the petition, and sustained it thereto. The appellants Gleason and others amended their petition, and the defendants filed a demurrer to it as amended, which the court sustained, and, declining to plead further, it was dismissed. The court rendered judgment against the city for the cost of the improvement, although the case was not disposed of upon its merits.

Notwithstanding it was averred in the petition that the improvement was an *original construction,* the court adjudged that it was a *re-construction,* and for that reason gave judgment against the city. This was error. If the city is or can be made liable for the cost of the improvement, the case had not reached that stage which au-

134     KENTUCKY REPORTS.     [Vol. 106

Gleason, &c., v. Barnett, &c.. City of Louisville v. Gleason, &c.

thorized the court to render judgment against it. The question as to whether the answer states a defense is not before us.

The judgment is reversed on each appeal for proceedings consistent with this opinion.

JUDGE PAYNTER'S RESPONSE TO PETITION FOR A REHEARING.

The ordinance under which the improvement was made passed the lower board of the general council on September 29, 1892, and the upper board on October 13, 1892. Part of the city charter which was in force at the time the ordinance was passed reads as follows: "But no ordinance for any original improvement mentioned in this act, shall pass both boards of the general council at the same meeting, and at least two weeks shall elapse between the passage of any such ordinance from one board to the other."

Counsel contends that the ordinance is void because two weeks d not elapse between the passage of the ordinance from one board to the other. This precise question was decided in Fehler v. Gosnell, 99 Ky., 380 [35 S. W., 1125]; the court holding that an ordinance which passed the lower board of the general council on April 5th, and the upper board on April 19th, was a compliance with the statutory provision. The court erred in sustaining a demurrer to the petition, and in dismissing it against Barnett and rendering judgment against the city for the amount of the claim sought to be recovered against him. If Gleason et al. are entitled to recover against the city at all (which it is not necessary for us to decide here), the time to do so had not arrived, and it may be finally determined that Barnett's property is liable for the payment of the claims in suit.

The judgment on each appeal is reversed for proceedings consistent with this opinion.