CASE 93—APPORTIONMENT WARRANTS—JUNE 2.

# City of Louisville v. Selvage, use, Etc.
# Selvage, use, Etc. v. Lucas, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. MUNICIPALITIES—STREET IMPROVEMENTS—ESTIMATE OF TIME BETWEEN FIRST AND SECOND PASSAGE OF ORDINANCE.—Where the first passage of the ordinance was on March 17th, and the second passage was on March 31st, two weeks had elapsed between the first and second passages within the meaning of the charter.

2. SAME—GROSS INEQUALITY.—It seems that where gross inequality in the assessment of street improvements results from the fact that one side of the street is divided into squares by principal streets and the other side not, such inequality is sufficient to invalidate the assessment.

3. SAME—PLEADING.—An amended petition filed to correct an erroneous statement in the original petition that the territory on one side of an improved street was not divided into squares by principal streets, to the effect that the territory on the north side of the improved street contiguous to the improvement was a square bounded on all sides by principal streets, on the north by Victoria Place, which latter street was described as parallel to and a given distance north of and parallel with an improved street, is fatally defective in failing to allege that Victoria Place was a street at the time of the passage of the ordinance.

4. SAME—APPORTIONMENT WARRANTS INCLUDING PROSPECTIVE RE-

Vol. 106]      JANUARY TERM, 1899.      731

City of Lou. v. Selvage, use, &c.   Selvage, use of, &c., v. Lucas, &c.

PAIRS.—It is not a fatal objection to apportionment warrants that they include prospective repairs and the costs of foot-ways not properly chargeable, as under the charter of cities of the first class the court has power to correct the assessment to include only the amounts properly chargeable.

5. SAME—PRAYER FOR GENERAL RELIEF.—Although the petition did not pray specifically for such amount as might be found due under the apportionment warrants as reformed, such relief might be granted by the court under the prayer for all general relief.

6. SAME—COSTS AND INTEREST.—Neither the city nor the property holder is liable for costs or interest until the apportionment is corrected.

H. L. STONE, CITY ATTORNEY, FOR THE APPELLANT.

The ordinance was not void. The identical question involved in this case was decided by this court in the case of Fehler v. Gosnell, 99 Ky., 380.

LANE & BURNETT FOR THE APPELLEES.

1. A cross-appeal will not lie in favor of an appellee against a co-appellee. McKay v. Mayes, 17 Ky. Law Rep., 827; Marion National Bank v. Phillips, 18 Ky. Law Rep., 159; Mudd v. Mullican, 11 Ky. Law Rep., 417; Murphy v. Blandford, Same, 125; Home Ins. Co. v. Gaddis, 3 Ky. Law Rep., 159; Gaar v. Louisville Banking Co., 11 Bush, 180; Smith v. Northern Bank, 1 Met., 575.

2. There is no error in the judgment in favor of the defendants in the court below as to whom the petition was dismissed.

3. The ordinance upon which the claim in this case was predicated is the ordinance that was under consideration in the case of Gosnell v. City of Louisville, 14 Ky. Law Rep., 720, and contains the same vice that was condemned by this court in the case of Fehler v. Gosnell, 18 Ky. Law Rep., 238; Burnett's Code, pp. 519, 520; Louisville v. Meyer, 17 Ky. Law Rep., 666. On the face of the petition it is manifest that the plaintiffs were entitled to a judgment against the appellant, but were not entitled to any judgment against the abutting property owners. The practice is as set out in the opinion of this court in Cooper v. Nevin, 90 Ky., 95, that the plaintiff suing on the erroneous apportionment may if he desires it, have a corrected apportionment, but in this case plaintiffs did not desire a corrected apportionment but elected to stand on their contract with the city of Louisville.

WM. KRIEGER AND W. T. COLSTON FOR SELVAGE.
     (No brief in the record.)

732　　KENTUCKY REPORTS.　　[Vol. 106

City of Lou. v. Selvage, use, &c.　Selvage, use of, &c., v. Lucas, &c.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Selvage brought suit, for the use of the Western Bank, against appellees Lucas, *et al.*, upon apportionment warrants for the improvement of Hill street from the center line of Fifth street and St. James court to the East line of Sixth street, under an ordinance providing for the improvement of the carriageway of the part of Hill street mentioned with vitrified brick pavement, and for making footway crossings across intersecting streets and alleys. The ordinance provided that the cost of the improvement should be apportioned against the land contiguous thereto on the south included in the quarter squares abutting upon the improvement, and upon the contiguous territory on the north as far as a line 522.29 feet north of and parallel with Hill street. A demurrer to the petition was sustained, an amended petition was filed, and to the petition as amended a demurrer was filed and sustained. The plaintiff declined to plead further, and judgment was rendered dismissing the petition, but giving judgment over against the city of Louisville under the alternative prayer in the petition. Both the city and the contractor have appealed from this judgment.

One of the grounds urged in support of the demurrer was that two weeks had not elapsed between the passage of the ordinance by the two boards, it being passed by the board of councilmen on March 17th and by the board of aldermen on March 31st. This question has been settled in the case of Fehler v. Gosnell, 99 Ky., 385, [35 S. W., 1125].

The trial court, in a brief opinion, sustaining the demurrer, referred to the opinion in Zable v. Baptist Orphans' Home, 92 Ky., 89 [17 S. W., 212], with regard to the fixing of the grade of the street improved. In that case the pe-

tition was held defective as failing to aver that the city council had fixed the grade of the street; but the court evidently overlooked the averment in the original petition in this case fixing the grade of Hill street within the limits improved.

The main contention on behalf of appellees in support of the proposition that the petition was fatally defective is based upon the provision of the ordinance fixing the limits of the territory to be assessed, and the averments of the original and amended petitions with respect thereto.   The original petition alleged specifically that the territory on the south of Hill street was divided into squares by principal streets, which were named, and their situation stated. But it was averred that on the north of the improvement the territory was not divided into squares by principal streets, but that at the time of the passage of the ordinance it was expected and believed that Magnolia avenue would be opened and dedicated as a public street, and extend parallel with Hill street at a distance of 1,104.59 feet north, and that no other street would be opened or dedicated between Hill street and Magnolia avenue between the Eastern and Western limits of the improvement.   This would make the center line between Hill street and Magnolia avenue coincide with the northern limit of the assessment district as fixed by the ordinance,   The ruling of this court in Preston v. Roberts, 12 Bush, 570, that, where property was not divided into squares, gross inequality in apportioning the cost of an improvement upon the two sides could not be permitted, would seem to be applicable to this apportionment under the averments of the original petition, though, in a number of cases such inequality has been held unobjectionable where the property was divided into squares by principal streets.   Nevin v. Roach, 86 Ky.

734          KENTUCKY REPORTS.          [Vol. 106

City of Lou. v. Selvage, use, &c.    Selvage, use of, &c., v. Lucas, &c.

499, [5 S. W. 546]; Cooper v. Nevin, 90 Ky. 85, [13 S. W. 841]; Baker v. Selvage & Snider, 7 Ky. Law Rep., 838.

But in the amended petition all the averments as to the contiguous territory upon the north of Hill street not being divided into squares by principal streets were withdrawn, as having been made by mistake, and it was averred "that the territory on the north side of Hill street, . . . contiguous to the improvement . . . is a square bounded on all sides by principal streets . . . on the north by Victoria Place, which latter streets is parallel to and 1,104.58 feet north of and parallel with Hill street;" with a further averment that it was not intended or probable that the city would ever open another principal street through said square. This averment is relied upon by appellant Selvage and by the city to sustain the legality of the apportionment alleged in the petition, upon the theory that, though it was unnecessary to allege how far distant the assessment limit upon the north was from Hill street, the limit which was alleged coincided with the center line of the square described in the amended petition. But there is no averment that at the time the ordinance was passed providing for the improvement any such street existed as Victoria Place; and this, it seems to us is fatal to the contention . of appellants, Selvage, et al., upon this point. Under the pleadings in this case, appellant Selvage was not entitled to recover according to the apportionment approved by the general council.

A further ground relied on by appellees Lucas, et al., is that the general ordinance concerning the improvement of streets required from the contractor a guaranty to keep the pavement in repair for five years, and to deposit bonds equal in amount to 10 per cent. of the contract price as security for such repair, it having been held in  ·

Fehler v. Gosnell (18 R., 238; [35 S. W., 1125]), that the amount which such an assessment had been increased on account of that guaranty could not be recovered by the contractor against the property-holder, but was properly chargeable against the city at large. A further objection by appellees was that the ordinance provided for the assessment of the cost of the footway crossings against the contiguous property, and that this cost under "An act to amend the charter of the city of Louisville" (Burnett's Code, p. 515), provided that the cost of such crossings should be paid by the city of Louisville out of a tax authorized to be imposed by the city, and therefore can not be assessed against the property-holder.

But, while these objections are ample to prevent the recovery of the amounts apportioned and claimed in the petition, they do not, in our opinion, render the ordinance void, or the petition fatally defective. The question as to the 10 per cent. guaranty has been already passed upon in the case of Fehler v. Gosnell, supra, and it was there held that the contractor was still entitled to recover except to the extent the property-holder's assessment had been increased on account of the guaranty. It was also there held that under the provisions of the act for the government of cities of the first class that "no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract, but the general council, or the courts in which suits may be pending, shall make all corrections, rules and orders to do justice to all parties concerned [Ky. St., sec. 2834]," the court should correct the apportionment, and render judgment for the amounts which should have been assessed against the property. We see no valid reason why the rule so laid down does not apply

736　　　　KENTUCKY REPORTS.　　　[Vol. 106

City of Lou. v. Selvage, use, &c.　Selvage, use of, &c., v. Lucas, &c.

equally to the attempted assessment of the cost of foot-way crossings, and to the inequality of the apportionment as between the two sides of the street, if the facts be as stated in the original petition.

The averments of the petition showed the cost, under the contract, of each part of the improvement made, and in the late case of Gosnell v. City of Louisville (20 R., 523, [46 S. W., 722]), we held that 10 per cent. of the contract price was a fixed and liquidated proportion thereof for the repairs contemplated by the guaranty, and that that amount was the proportion of the contract price from the payment of which the property-holders were exempted.

There would seem, therefore, to be little difficulty in the court making a correction of the apportionment upon the averments of the petition in this case. It is true that this relief is not expressly prayed in the petition, but section 2834, Kentucky Statutes, would seem to require the court to make such correction under the prayer for all general relief.

Of course, under the doctrine in Gosnell v. City of Louisville, *supra*, neither the city nor the property-holder is liable for costs or interest until the apportionment is corrected.

For the reasons stated, the judgment is reversed, with directions for further proceedings in conformity with this opinion, all parties being allowed to amend if desired.

RESPONSE TO PETITION FOR REHEARING BY JUDGE DuRELLE.

It is immaterial under which general ordinance concerning streets the contract for the improvement of Hill street was made, for the other defect stated avails to defeat recovery upon the apportionment warrants as issued.

The petition for rehearing is overruled.