JUDGE PETERS
delivered the opinion of the court.
This suit was brought by appellee on a note which he held by assignment of one J. N. Price, and which he alleges was executed by appellant to Price for the second installment for a piece of land situate in the county of Fleming, and then in possession of appellant, it being an undivided interest of the defendants, J. N. Price and his wife (Elizabeth Price), in the farm which descended from Ezekiel Runyon, deceased!, and for which he alleges he has a lien to secure his debt. *68 No other description of the land is given in the petition, and no title-papers are referred to to identify it.
It is alleged that Price and wife are able, ready, and willing to make to Runyon a good title to the land when required to do so, but no deed was tendered; and it is also alleged that Runyon promised to pay appellee ten per cent on the debt from its maturity, the 1st of May, 1870, till paid, and to waive all defenses to the note,- legal or equitable.
At the August term, 1873, of the Fleming Circuit Court, no defense having been made, judgment was rendered against appellant for the principal, with interest at the rate of ten per cent per annum from the maturity of the note, the judgment to bear the same rate of interest. And to enforce the payment of the debt it was adjudged that “the tract of land sold by J. N. Price and wife to said Runyon, the same being an undivided interest held by said defendant, Elizabeth J. Price, as one of the heirs at law of Ezekiel Runyon, deceased, and the same situate in Fleming County, and now held by defendant, James H. Runyon,” be sold, or so much thereof as may be sufficient to pay the plaintiff his debt, interest, and costs. Of that judgment Runyon now complains.
The court has wholly failed to direct in the judgment what land is to be sold; but the commissioner is to ascertain and identify it by inquiring in the country what land in Fleming County descended to the heirs of Ezekiel Runyon, deceased, and what part of it descended to Mrs. Price; and as it is stated in the judgment that the land is undivided among the heirs of Ezekiel Runyon, he must ascertain how much will probably be the undivided part of Mrs. Price, and sell that, or as much as may be sufficient to pay appellee’s debt, so that the purchaser, if one could be found, would be profoundly ignorant of the quantity of land he bought or where it was to be found.
There was no description of the land, either in the petition *69 or the judgment, from which the commissioner would be enabled to know what land he was directed to sell, and he could not therefore execute the judgment.
It would be premature to decide now whether or not appellant should be required to pay interest at the rate of ten per cent per annum on the judgment. We are not prepared to say that as the pleadings now stand that he would not be. We will not anticipate that question. But for the failure to identify the land to be sold in the judgment the same is reversed, and the cause is remanded with directions to permit appellant to amend his petition, if he should ask to do so, and for further proceedings consistent herewith.