CASE 76—PETITION EQUITY—MAY 10.

# Meyer v. City of Covington.

APPEAL FROM KENTON CIRCUIT COURT.

1. MUNICIPAL CORPORATIONS—WIDENING STREET.—The general council of a municipality has jurisdiction to order the widening of streets, and is the judge of the necessity therefor, subject to certain restrictions.

2. STREET IMPROVEMENTS.—Property adjoining or bordering on a street is, in law, abutting property, and liable to be assessed for

Meyer v. City of Covington. ,

street improvements without regard to its frontage on another street.

3. CONSTITUTIONAL LAW.—The provision in a city charter, authorizing a personal judgment against the owner of abutting property for street improvements is unconstitutional.

4. SALES OF REAL ESTATE—INSUFFICIENT DESCRIPTION.—A decree for the sale of real estate should be so certain and specific in its direction to the commissioner in describing the property to be sold as will enable him to execute the same without reference to any other paper or pleading; a description "beginning at Pike street on the east side of York street in this city, running thence North 296½ feet, more or less" is insufficient.

5. SALES OF REAL ESTATE.—A decree directing the sale of real estate should specifically direct the commissioner what to do, and not leave him to draw his conclusions from any other paper, or from any other source of information.

J. M. DIAL FOR APPELLANT.

1. A city council has not absolute power in matters of street improvements, which they can use arbitrarily, but they are limited in their exercise by facts and circumstances surrounding each case.

2. The city council has no power to compel property holders on a street to pay for widening or extending the same for the benefit of one or two individuals.

3. Property fronting on one street and extending back along the line of another street, or alley, can not be called abutting property on the street or alley.

4. A judgment must accurately describe the property to be sold by the officers of the court, and in the absence of such description there is nothing for the officer to do.

5. The court was not authorized to render a personal judgment against appellant for street improvements to his property.

W. McD. SHAW FOR APPELLEE.

1. The general council is the sole judge of the necessity for street improvements; but if it was not, the evidence in this case shows that the improvement made was necessary.

2. While it is true appellant's lot fronts 50 feet on Pike street, it also fronts on York street, and is of such depth that the part on York street can be used independent of the part on Pike street,

and is abutting property on York street. Bouvier's Law Dictionary, title "Abutting." ' Dillon's Municipal Corporations, vol. 2, sec. 752, note on page 915; Keasy v. Louisville, 4 Dana, 154.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellee instituted this action in the Kenton Circuit Court against the appellant to enforce the collection of more than $700, the amount alleged to be due from him for certain street improvements, and claimed a lien on his property fronting or abutting upon York street in the city of Covington, due upon the assessment for expenses incident to the widening of York street in said city.

The substance of appellant's answer and defense is that there never was such street in the city of Covington as York street, and that it was never anything but a ten-foot alley, running from Riddle street to Pike street, and par-allel with Main and Philadelphia streets, and it was not necessary to improve said alley or to widen it into a street; that it was not beneficial to the property owners to have said improvements made; that the council did not act according to law and within the scope of their authority in the condemnation proceedings, and deny that he was liable for any of the assessment, and that the council could not by any proceeding bind or force him to pay for more than fifty feet of frontage, the same on Pike street; that the improvement was ordered for the benefit of Mrs. Blooemer, and that she was the only person who owned property on said alley without an outlet to some other street, and that the same was ordered improved against the protest of a majority of the property holders on said alley.

The allegations in the answer were denied by reply. Up-

on final hearing the court rendered a personal judgment against the appellant for $718.83, with interest thereon from April 2, 1894, and its costs. The court further adjudged that the plaintiff has a lien therefor upon the real estate of the defendant, beginning at Pike street, on the east side of York street in this city, running thence north 296½ feet, more or less, and said property, or enough thereof to satisfy said lien, be sold after advertising sale in both modes mentioned in rule No. 40 of this court. For services the master is allowed $15, to be paid by plaintiff and taxed as costs.

It seems to us that the general council of the city of Covington had jurisdiction to order the widening of York street, and that the council was the judge of the necessity therefor, subject of course to the restrictions named in City of Covington v. Worthington, &c., 82 Ky., 265, and Same v. Same, 88 Ky., 206, and we are further of the opinion that the property of the defendant adjoining said York street, or bordering thereon, is in law abutting property, and, therefore, liable to be assessed for street improvements.

It, however, seems to us that if it be conceded that the city charter was intended to authorize a personal judgment against the appellant for the amount assessed against his abutting property, that such provision is unconstitutional and void. It was, therefore, error to render a personal judgment against appellant for any amount.

It is insisted for appellant that the judgment of sale is erroneous for lack of description of the property adjudged to be sold.

Meyer v. City of Covington.

In Lawless v. Barger, &c., 9 Bush., 665, it is substantially said that a decree should be so certain and specific in its direction to the commissioner in the description of the property to be sold by him, as well as the other duties to be performed in its execution, as will enable that officer to discharge these duties without reference to any other paper or pleading in the case. To the same effect is the decision of this court in Runyon v. Darnall, 10 Bush, 67.

In Faught v. Henry, 13 Bush, 471, it appears that the judgment directed a sale of property described as follows: "A house and lot on Mulberry street in the city of Lexington," and it was held that such description was insufficient. Section 696 of the Code of Practice reads as follows: "Every sale made under an order of court must be public, upon reasonable credits, to be fixed by the court, not less than three months for personal nor six months for real property, and shall be made after such notice of the time and terms of the sale as the order may direct, and unless the order direct otherwise shall be made at the courthouse door of the county in which the property, or the greater part thereof, may be situated, and notice of sale must state for what sum of money it is to be made."

It will be seen from the foregoing that the description of the property ordered to be sold is totally insufficient. The terms and place of sale are not in accordance with the provision of the Code, supra. There should be a sufficient description of the real estate ordered to be sold as will enable the purchaser or bidders to know with reasonable certainty what property was being offered for sale, and the report of the commissioner should in like manner be suffi-

Meyer v. City of Covington.

cient to the end that there should be no controversy after the sale as to what property was sold or purchased. Explicit directions should be given to the commissioner as to the time, terms and place of sale in order that all such sales should be made as required by law. The judgment should be explicit in regard to the property ordered to be sold, as well as to the time, terms and place of sale, so that the commissioner should not be required to look to any other paper or order for directions. If the commissioner should be allowed to look to anything other than the judgment as his guide, he might very innocently sell property not adjudged to be sold, or sell it upon terms not authorized by law. In other words, the judgment should specifically direct the commissioner what to do, and not leave him to draw his conclusions from any other paper, or from any other source of information.

For the reasons indicated the personal judgment against the appellant is reversed, and the judgment for a sale of the land is reversed for the errors indicated in the judgment respecting the description of the property and the terms and place of sale, and cause remanded for proceedings consistent herewith.