Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

---

CASE 93—SUITS BY R. B. PARK & CO. AGAINST KATHERINE ORTH, AGAINST THE CITY OF LOUISVILLE AND AGAINST THE L. & N. R. R. CO. TO ENFORCE APPORTIONMENT WARRANTS.—MARCH 3.

# Orth, &c. v. R. B. Park & Co.
# R. B. Park & Co. v. City of Louisville.
# L. & N. R. R. Co. v. R. B. Park & Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

IN THE FIRST SUIT KATHERINE ORTH, &C. APPEAL, IN THE SECOND, PARK & CO. APPEAL, AND IN THE THIRD, L. & N. R. R. CO. APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—SPECIAL ASSESSMENTS—APPORTIONMENT—DEVIATION FROM SPECIFICATIONS—STATUTES—INTEREST—RAILROAD RIGHT OF WAY—JUDGMENT IN REM —DAMAGES.

Held:   1. A railroad right of way is liable to assessment for a street improvement.
2. Kentucky Statutes, 1899, section 2833, relative to street improvements, provides that the improvement shall be made at the cost of owners of lots in each fourth of a square according to the feet owned by them, respectively; that every subdivision bounded on all sides by principal streets shall be deemed a square, but that, when the territory contiguous to the improvement is not defined into squares by principal streets, the ordinance shall state the depth on both sides fronting said improvement to be assessed, according to the number of square feet owned by the parties, respectively, within the depth. Section 2834 provides that in no event shall a city be liable for an improvement, without the right to enforce it, against the property receiving the benefit. An apportionment was erroneously made according to depth, when the territory was divided into squares by principal streets, and on appeal a new apportionment was ordered. HELD, that the city was not liable to the contractor for interest from the time of the first apportionment, since the city had no right to enforce liability under such apportionment.

Orth, &c: v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

3. Kentucky Statutes, 1899, section 2834, provides that the court in which suits may be pending relative to street improvements shall make all corrections, rules, and orders to do justice to all parties concerned. Section 2833 provides that a street improvement shall be made at the cost of owners of lots in each fourth of a square, according to the number of feet owned by them, respectively; that every subdivision of territory bounded on all sides by principal streets shall be deemed a square; and that, when the territory is not so bounded, the ordinance shall state the depth on both sides fronting the improvement, and the apportionment be made according to the number of square feet owned by the parties, respectively, within the depth. HELD, that where, on appeal, in an action to enforce apportionment warrants, founded on an apportionment made according to the depth, the court found that the territory was bounded by principal streets, it had authority to order an apportionment on that basis.

4. A street which was being improved crossed railroad tracks at an acute angle, and, by an agreement with the railroad company, the crossing was made at right angles, and constructed by the railroad. In order to reach the crossing, a slight deflection was made at the point of intersection; but, if the deflection led the improvement without the lines of the street, the ground was practically a part of the street, and no additional burden was placed on the property owner. HELD, that the assessment was not invalid on the ground that there was a deviation from the contract.

5. Kentucky Statutes, 1899, section 2830, provides that when, in the opinion of the board of public works, it becomes necessary to make any alterations in the specifications of a contract, the alteration shall be made only by order of the board, and that it shall be of no effect until the price to be paid for the same shall be agreed upon in writing. HELD, that where a railroad crossed at an acute angle a street which was being improved, and, by agreement between the board of public works and the railroad, the crossing was constructed by the railroad, at its expense, at right angles, and the only change in the contractor's work was in the slight deflection in the carriage way from a straight line, there was nothing to defeat the improvement lien.

6. The fact that the clerk of the board of public works failed to enter the order for the change in the crossing did not render the lien invalid.

7. Where, in an action to enforce apportionment warrants for pub-

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
. L. & N. R. R. Co. v. R. B. Park & Co.

lic improvement, the chancellor ordered the commissioner to
charge the quarter squares contiguous to the improvement ac-
cording to. the rule laid down in the statute, the presumption
is that the commissioner did his duty, and that the judgment
of the circuit court thereon was right.

8. A proceeding to enforce an assesssment for a street improvement
is a proceeding in rem.

9. Ten per cent. damages will not be awarded on the affirmance
of a judgment in a proceeding strictly in rem, where the judg-
ment has been superseded.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

These three appeals are prosecuted on the same record.
In the year 1900 an ordinance was enacted directing the
improvement of the carriage way of Frankfort avenue from
the former city boundary line to Cavewood avenue extended;
the cost of the improvement to be assessed against the prop-
erty fronting on Frankfort avenue, and extending back to a
depth of 195 feet. A contract was made with appellees Park
& Co., for the improvement. The work was done, and was
apportioned to the property owners on the basis set out in
the ordinance. Suit was then filed against the property
owners to enforce the apportionment warrants. The court
held that the apportionment had been made on the wrong
basis, and ordered a new apportionment; dismissing the
action as to certain of the defendants. An appeal was taken
from this judgment, and it was affirmed. Park & Co. v.
Orth, 24 R., 2209, 73 S. W., 1015. The reason the appor-
tionment was held bad was that it was held that the terri-
tory contiguous to the street was defined into squares by
principal streets. Section 2833, Ky. St., 1899, provides:
"When the improvement is the original construction of any
street, road, lane, alley or avenue, such improvement shall
be made at the exclusive cost of the owners of lots in each

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

fourth of a square to be equally apportioned by the board of public works, according to the number of feet owned by them respectively, and in such improvements the cost of curbing shall constitute a part of the cost of the construction of the street or avenue, and not of the sidewalk. Each subdivision of the territory bounded on all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement of such public ways shall state the depth on both sides fronting said improvement to be assessed for the cost of making the same according to the number of square feet owned by the parties respectively within the depth, as set out in the ordinance." The new apportionment was made on the basis set out in the order of the court, and judgment was entered in favor of the contractors against the property owners, respectively, for the amount apportioned to them, with interest from the date of the second apportionment. From this judgment the appeals before us are prosecuted.

The appeal of the Louisville & Nashville Railroad Company questions the liability of its right of way for any part of the cost of the improvement. Since the appeal was taken, the question so raised was decided adversely to the railroad company in Figg v. L. & N. R. Co. (116 Ky., 135, 25 R., 850), 75 S. W., 269, and L. & N. R. Co. v. Barber Asphalt Co. (25 R., 1024), 76 S. W., 1097. The court adheres to the rule laid down in those cases, which are conclusive here.

The appeal of the contractors questions the correctness of so much of the judgment as held the city of Louisville not liable for the interest on the contractors' claim from the date of the first apportionment to the date of the second, the con-

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

tractors having failed to recover this interest against the property owners by reason of the fault of the city in making a wrong apportionment. It is true, a loss will be thrown upon the contractors by reason of the error in the proceedings of the council, unless judgment is given against the city for this interest; and whether the contractors must bear the loss, or it must fall upon the city, depends on the proper construction of section 2834, Ky. St., 1899, which is as follows: "A lien shall exist for the cost of original improvement of public ways for the construction and the reconstruction of sidewalks, and for the digging and walling of public wells and cisterns, for the apportionment and interest thereon at the rate of six per cent. per annum against the respective lots. Payments may be enforced upon the property bound therefor by proceedings in court; and no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract; but the general council, or the courts in which suits may be pending, shall make all corrections, rules and orders to do justice to all parties concerned; and in no event, if such improvement be made as is provided for, either by ordinance or contract, shall the city be liable for such improvement, without the right to enforce it against the property receiving the benefit thereof; but no ordinance for any original improvement mentioned in this act shall pass both boards of the general council at the same meeting, and at least two weeks shall elapse between the passage of any such ordinance from one board to the other." Under this provision it has been held that when, by taking the proper steps, the general council can make any improvements at the cost of the owners of adjacent property, the city can in

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

no event be made liable, unless it will have the right to enforce the lien against the property, but that, if the adjacent property is such that no steps could be taken by the city to render it liable for the improvement, then the city must pay for it, and that all persons dealing with the city must take notice of its power, and, if they fail to do so, must suffer the consequences. Louisville v. Nevin, 73 Ky., 549, 19 Am. Rep., 78; Craycraft v. Selvage, 73 Ky., 696; Louisville v. Leatherman, 99 Ky., 213, 18 R., 124, 35 S. W., 625; Louisville v. Bitzer (24 R., 2263, 115 Ky., 359), 73 S. W., 1115. In the case before us, if proper steps had been taken, and an apportionment had been made on the proper basis at the outset, the property would have been liable for the cost of the improvement, with interest from the time the first apportionment was made. The failure to make a correct apportionment was the mistake of the general council. The property owner is not liable for interest until an apportionment is made according to the statute, for until this is done he is not in default for not paying; and as, by the terms of the statute, the city shall not be liable without the right to enforce the liability against the property receiving the benefit, no judgment can be entered against the city for the interest in question. In determining this very question in Gosnell v. Louisville, 104 Ky., 209, 20 R., 519, 46 S. W., 722, the court said: "Neither interest nor costs should have been allowed against the property holder, except from the time the amount he was required to pay was so fixed that he could discharge it. Nor should interest upon the whole amount of the contract price be allowed against the city, for, while the rule may seem harsh, the contractor must be assumed to have entered into the con-

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

tract with his eyes open as to its provisions and their en-
forceability. The contract was not made by the property hold-
er, but for him. As to that portion of the contract price
for which he is responsible, his debt was not matured by
reason of an erroneous apportionment, and was not payable
until maturity. But for that portion which was properly
assessable against the property holder the contractor must
look to him alone." This rule was followed and approved
in Louisville v. Selvage, 106 Ky., 730, 21 R., 620, 51 S. W.,
447, 52 S. W., 809; Id. (24 R., 447), 70 S. W., 276. The
circuit court correctly followed the rule laid down in these
cases, which can not now be departed from.

The other questions made arise on the appeal of the prop-
erty owners. It is insisted for them that the court has no
power to make a new apportionment on a new basis fixed
by it; that the power to levy taxes, and to define the terri-
tory on which they are levied, is legislative, and can not be
exercised by the court. It will be observed, however, that the
statute above quoted prescribes how the cost of the improve-
ment shall be apportioned where the territory is defined by
principal streets. The court, having held that the territory
in question was defined by principal streets, simply carried
into execution the mandate of the statute, as the council
should have done. This the court was authorized to do under
the provision quoted, requiring that "the courts in which
suits may be pending shall make all corrections, rules and
orders to do justice to all parties concerned." When the
territory is defined by principal streets, the statute deter-
mines on whom the burden of the tax shall be laid; and,
this being fixed, there is no reason why the court may not
be authorized to ascertain how much of the burden will

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

fall on each piece of property. The council has no power to determine the territory on which the burden of the improvement must fall, where it is defined by principal streets; and, if it attempts to do so, its action is to this extent void. The court therefore properly disregarded the provisions of the ordinance that the cost of the improvement should be laid upon the property fronting Frankfort avenue, and extending back 195 feet, and made the assessment on the basis that the territory was defined by principal streets; this being the effect of the opinion rendered by this court when the case was here on a former appeal. The court, in making the apportionment, followed the rule laid down in the statute.

It is also insisted for appellants that there was a deviation from the contract. The facts about the matter are these: Frankfort avenue crosses the tracks of the Louisville & Nashville Railroad at an acute angle. The board of public works thought it unwise to construct the improvement across the railroad tracks at an acute angle. The railroad company proposed to build a crossing if it was made across the tracks at something like a right angle. The board of public works accepted the proposition of the railroad company, and it made the crossing as proposed, and the contractors then constructed the street to the crossing on both sides of it. In order to reach the crossing on the west side, a slight deflection was made to the north. At this point Clifton avenue runs into Frankfort avenue; and whether the improvement, as made, lies altogether on what should be called Frankfort avenue, or in part on Clifton avenue, is not very clear from the maps, as it is just at the intersection of the streets. Before its annexation to the city of Louisville, this part of Frankfort avenue was a turnpike leading out of the city; and, from

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

an inspection of the map, it rather seems that the entire improvement is within the limits of the old pike. In any event, the ground was practically a part of Frankfort avenue. It was necessary, for the safety of the traveling public, that the crossing over the railroad track should be as direct as possible, for the danger of collision with cars was thus made less than it would have been if the crossing had been for some distance along and on the tracks of the railroad. No additional burden was by this placed upon the property owners, but, on the contrary, they were relieved from paying anything for part of the improvement for which otherwise they would have been liable. Section 2830, Ky. St., 1899, provides as to the power of the board of public works: "When, in the opinion of the board, it shall become necessary in the construction of any work to make any alterations or modifications in the specifications or plans of a contract, such alteration or modification shall be made only by the order of the board and such order shall be of no effect until the price to be paid for the same shall be agreed upon in writing and signed by the contractor and approved by the board." There was no written contract signed by the contractor and approved by the board, for the reason that no change was made in the price to be paid. This clause of the statute applies only to changes which are to be paid for. The change to be made here was not of that character, as the railroad company made the crossing, and the only change in the contractor's work was in the slight deflection of the carriageway from a straight line. It is also shown that although the board went out to the ground, and looked at it, and made the change after full deliberation, the clerk of the board in some way failed

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

to enter the order on his record; and this fact is also relied on. But the order of the board was carried into effect by the railroad company and the contractor, and the mere failure of the clerk to record the order at the time, as he should have done, will not be allowed, under the statute, considering all its provisions, to defeat the lien on the property, where no additional burden was thus placed upon the property holders. The purpose of the statute is that the court shall do justice between the parties, and make such orders as may be necessary for this purpose. If an additional burden was placed on the property holder without a compliance with section 2830, and the property holder was insisting that he was not liable for the additional burden without a compliance with the terms of the statute, a different question would be presented. The authorities relied on for appellant were under statutes materially different from that before us. In Gleason v. Barnett, 106 Ky., 133, 20 R., 1694, 50 S. W., 67, the court, referring to the statute cited, said: "The manifest purpose of the Legislature in the use of the language quoted was to modify the rule of strict construction with reference to the statutes and proceedings thereunder imposing burdens upon the taxpayer for the improvement of public ways, and to establish a rule which would authorize the general council or the courts in which suits might be brought to enforce claims against property owners to make all corrections and rules and orders so as to do justice to all parties concerned, where it appeared the improvement had been made as required by either the ordinance or contract."

In Elliott on Streets and Roads, section 567, it is said: "The cardinal rule is that nothing shall be permitted that

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

will tend to do harm to the property owners, but this salutary rule is obeyed, rather than violated, in permitting a change that is beneficial, and it is not infringed by permitting changes that work no harm to citizens." Again, in section 585, it is said: "It is beyond the authority of the highway officer to do any act that will materially prejudice the rights of citizens, but they may make amendments and changes which do not substantially impair the rights of citizens. This must be so upon principle, for, having once lawfully acquired jurisdiction, those officers may do what is for the best interests of the public, provided, always, that they do not infringe the rights of those who must pay the assessment." See, also, Barber Asphalt Company v. Garr (24 R., 2227), 73 S. W., 1106.

On the whole case, the judgment of the circuit court seems to do justice to all parties concerned, and it is therefore affirmed.

Response by Judge Hobson to petition for rehearing:

In the case of William Specht v. Barber Asphalt Company (this day decided) 26 R., 193, 80 S. W., 1106, it was held, following Cooper v. Nevin, 90 Ky., 90, 11 R., 875, 13 S.W., 841, that, to produce equality of burden contemplated by the statute, cross-streets will be extended so as to intersect the street improved. The chancellor ordered the commissioner to charge the quarter squares contiguous to the improvement according to the rule laid down in the statute. The presumption is the commissioner did his duty, and that the judgment of the circuit court is right. It is insisted in the petition that part of the territory in contest is not defined into squares by principal streets. To illustrate, the maps filed do not show a street parallel to Frankfort avenue west

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

of Young avenue, nor a street west of Young avenue and parallel to it. But we know from the record that the territory in contest lies at the east end of the city of Louisville. The body of the city lies west of it, and that the city boundary extends a considerable distance east of it is shown by the record. The territory east of Young avenue for a considerable distance is defined by streets into squares, and we must presume, although it is not so laid down on the map, that the territory to the west of Young avenue is also defined into squares by streets. We also know that 420 feet is the depth of an ordinary square. The commissioner went back 210 feet, which is one-half a square. The apportionment made by the commissioner seems to do justice between the parties, and we do not find in the record evidence that it was not made in accordance with the chancellor's order. On the contrary, everything in the record supports the presumption of law in favor of the report. In this case the chancellor found as a fact, in the judgment referring the case to the special commissioner, that the territory was defined by streets into squares, and this conclusion of his is borne out by the record before him at that time under the rulings of this court. In fact, we do not see that the defendant had taken any pains to contradict the proof taken by the city on the subject of the streets. The other questions discussed by counsel seem to be sufficiently disposed of in the original opinion. The petition was considered by a judge other than the one who wrote the opinion.

The petition for re-hearing is overruled.

Response of Judge Hobson to motion to correct mandate:

In entering the judgment of affirmance herein the clerk entered a judgment in favor of appellees awarding them 10

Orth, &c. v. R. B. Park & Co.
R. B. Park & Co. v. City of Louisville.
L. & N. R. R. Co. v. R. B. Park & Co.

per cent. damages on the amount superseded. Appellees have entered a motion to correct the mandate in so far as it awarded damages against them.

The property owner is not personally liable for an assessment to pay for a street improvement. The property assessed is only liable. The proceeding to enforce the assessment is strictly, therefore, a proceeding in *rem* or against the property. Meyer v. Covington, 103 Ky., 546, 20 R., 239, 45 S. W., 769; Barker v. South Construction Co., 47 S. W., 608, 20 Ky. Law Rep., 796; Woodward v. Collett, 48 S. W., 164, 20 Ky. Law Rep., 1068; Fehler v. Gosnell, 99 Ky., 384, 18 R., 238, 35 S. W., 1125; Bitzer v. O'Bryan, 54 S. W., 951, 21 Ky. Law Rep., 1310; Henderson v. Lambert, 14 Bush, 24, 30; Ky. St., 1903, section 2834. It has been held by this court in a long line of decisions that 10 per cent. damages will not be awarded on the affirmance of a judgment in a proceeding strictly in *rem*, where the judgment has been superseded. Worsham v. Lancaster, 104 Ky., 813, 29 R., 969, 48 S. W., 410; Cornwall v. Fletcher, 9 Ky. Law Rep., 403; Ross v. Wilson, 7 Bush, 36; Wilson v. Pope, 14 B. Mon., 83; Woods v. Roman, 5 B. Mon., 145; Sumrall v. Reid, 2 Dana, 65; Talbot v. Morton, 5 Litt., 328; Hargis v. Mayes, 50 S. W., 844, 20 Ky. Law Rep., 1965.

The motion to correct the mandate in so far as it awards damages on the amount superseded is therefore sustained.