## Olinger v. Combs.

January 23, 1948.

Joseph D. Harkins, Special Judge.

Don A. Ward for appellant.

Bailey P. Wootton for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This suit was filed by appellee, the alleged owner of coal underlying a tract of land in Perry County, to recover damages for slander of title and to obtain injunctive relief to protect his rights in the land. Appellant intervened in the action, asserting absolute ownership to a certain portion of the property, except the oil and gas lying thereunder. The Chancellor adjudged appellee was the owner of the coal underlying the tract "together with all of the timber standing on said lands," awarded nominal damages of $1, and enjoined appellant and others from setting up any claim to the

coal and from interfering with appellee's reasonable use of the surface for mining purposes.

Both parties claim their interest in this land through a common grantor. In 1916 C. G. Bowman was the owner of a tract consisting of approximately 240 acres. In May of that year he executed a coal lease to one Allais. By this instrument the lessee was granted the right to mine and remove coal from the property for a term of 25 years. The lessee was also given other incidental rights and privileges necessary to carry on mining operations. In addition, the lessee was granted so much of the timber on the tract as would be necessary or proper for the purpose of mining and removing the coal.

Subsequently Bowman conveyed to one Billie Baker "the surface rights into and upon" some 150 acres of the tract. The deed provided:

"It is understood further that the coal and mineral under said boundary of land, as above described, has been heretofore leased to A. L. Allais, and this conveyance (which includes, the surface rights only) is subject to the conditions and provisions made in and the rights and privileges conferred by said lease, to which lease reference is made for a more definite and particular description."

Oil and gas rights were reserved. Eventually appellant acquired the rights conveyed to Billie Baker.

In August 1941, the successor to the lessee of the coal rights released to the original lessor (Bowman) its interest in 87 acres of this tract, and the lease to that extent was cancelled. In December 1941, Bowman conveyed the coal in this 87 acres to one Prentiss Baker and wife. In addition, this deed provided:

"That the aforesaid conveyance to Billie Baker and the conveyance to Jas. Combs are expressly referred to for a particular description of the property and rights conveyed thereby, as it is the intention of the first party in this instrument to sell and convey to the second parties hereto such property and rights as the first party now owns.

"It is understood that the timber rights reserved and excepted by the first party in the deeds executed

by him to Billie Baker and James Combs are by this indenture sold and transferred to the second parties hereto.''

In February 1944, Prentiss Baker and wife conveyed their rights to appellee, the deed providing:

''Second party is to have whatever rights first parties have in the timber, standing and growing upon the Billie Baker tract of land and the James Combs tract of land, by reason of the reservations appearing in the deeds from C. G. Bowman to them, as referred to above, and by reason of the rights retained by C. G. Bowman, by reason of the lease entered into by him to A. L. Allais and referred to above.''

The principal controversy concerns the coal underlying this 87 acres. Appellant contends that in the original conveyance made by Bowman to Billie Baker, the entire estate in the land except oil and gas rights passed under the deed, subject only to the Allais coal lease. His theory seems to be that when the lease was cancelled on this 87 acres he then became the owner of the minerals covered by the lease. We are unable to follow this theory.

This is no ambiguity in the deed from Bowman to Billie Baker. It specifically conveys only ''the surface rights.'' The conveyance of surface rights excludes the idea that minerals underneath the surface shall pass by the conveyance. A reference to the coal lease was made because certain rights and privileges under that lease would affect the use of the surface. It would be a most strained construction to say that coal was actually conveyed subject only to the rights of the lessee so long as the lease was in effect. We cannot use the principles of construction urged by appellant to distort the obvious meaning of specific and clear language used in the deed.

The coal underlying this tract was conveyed by Bowman to appellee's immediate predecessor in title and was thence conveyed to appellee. The Chancellor, therefore, correctly adjudged that appellee was the owner of the coal underlying this tract and properly enjoined appellant from claiming said coal or interfering with the reasonable use of the surface for the purpose of mining it.

The Court erred, however, in adjudging that appellee was the owner of all of the timber on the tract, insofar as appellant's deed affects the property. In the first place, appellee did not in his petition claim the absolute title to this timber nor did he pray for judgment determining his rights thereto. In the second place, appellee admits in his supplemental brief that the original conveyance of surface rights to Billie Baker included the timber on the land, subject only to the rights granted under the Allais coal lease. In the third place, the deed from Bowman to Billie Baker did not reserve any timber rights. Therefore, Bowman could not thereafter convey to appellee's predecessors in title any timber on the property even though his deed may have purported to do so.

Although the title of appellant in the timber was limited by the rights of the lessee under the coal lease, when that lease was cancelled those rights were destroyed. Consequently, appellant's ownership of the timber became absolute under the deed conveying the surface rights, after the lease was cancelled.

For the error committed by the Chancellor in adjudging appellee the owner of the timber rights in the land owned by appellant, the judgment must be reversed for proceedings consistent herewith.