RENDERED: NOVEMBER 3, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1349-MR

OLIVIA BOGGS MOLINAR AND
ALDDO MOLINAR                                                    APPELLANTS


v.            APPEAL FROM PERRY CIRCUIT COURT
              HONORABLE ALISON C. WELLS, JUDGE
              ACTION NO. 20-CI-00300


TERRY A. GIESE                                                      APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

THOMPSON, CHIEF JUDGE: Olivia Boggs Molinar and Alddo Molinar appeal

from an order confirming a Master Commissioner's sale of property. We believe

that there was a fundamental error in the description of the property being sold;

therefore, the sale must be vacated. We reverse and remand with instructions for

the circuit court to vacate the Master Commissioner's sale.

## FACTS AND PROCEDURAL HISTORY

On September 11, 2020, Terry Giese filed a petition to partition certain real estate and have the real estate sold at a Master Commissioner's sale. Numerous people had partial interests in the property as those interests had been passed down via inheritances. The petition indicated that only the surface property was for sale and that the mineral rights had been reserved earlier in the chain of title. On February 15, 2022, an order and judgment was entered directing the Master Commissioner to sell the property. The order indicated that only the surface property was being sold and then described the property. The Master Commissioner properly filed and posted a notice of sale with the same property description as that used by the trial court. The commissioner then sold the property on March 25, 2022, for $52,500. Appellants were the successful bidders.

On April 4, 2022, Appellants filed exceptions to the sale. They argued that there were multiple issues with the property which precluded the execution of a deed in their favor. Such issues included liens against the property and some of the named heirs, the inability to verify ownership interests in some of the heirs, and a lack of notice to some of the heirs.[1] Appellants requested that the court order Appellee to resolve these issues before executing the deed.

---

[1] Other issues were raised, but these were the most material.

On April 15, 2022, Appellee filed a response to the exceptions. This response and attached exhibits cleared up many of the issues raised by Appellants. The response also raised, for the first time, the issue of timber rights on the property. Appellee indicated that he owned the mineral rights and timber rights to the property. Appellants later filed a motion to vacate the commissioner's sale and have returned to them the funds paid. This motion was based on the lack of notice of the reservation of timber rights in the order and judgment of sale and the commissioner's notice of sale.

A hearing on the exceptions and the motion to vacate the sale was held on September 23, 2022. On October 14, 2022, the court entered an order denying the motion to vacate and confirming the commissioner's sale. This appeal followed.

## ANALYSIS

> The circuit court's decision to confirm or vacate a judicial sale is reviewed for an abuse of discretion. The test for abuse of discretion is whether the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. A sale ought not to be lightly disapproved where it was conducted in a fair and regular manner, and confirmation ought not to be refused except for substantial reasons.

*U.S. Bank National Association as Tr. for Registered Holders of Banc of America Merrill Lynch Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates 2007-1 v. Courtyards University of Kentucky, LLC*, 594 S.W.3d 205,

209 (Ky. App. 2019) (internal quotation marks and citations omitted). In addition, we review matters of law *de novo*. *Auslander Properties, LLC v. Nalley*, 558 S.W.3d 457, 464 (Ky. 2018).

In the case at hand, Appellants raise multiple issues as to why the commissioner's sale should be vacated. We believe the issue regarding the belated notice of timber rights requires a reversal of the judgment of the circuit court.

> There should be a sufficient description of the real estate ordered to be sold as will enable the purchaser or bidders to know with reasonable certainty what property was being offered for sale; and the report of the commissioner should in like manner be sufficient to the end that there should be no controversy after the sale as to what property was sold or purchased. . . . The judgment should be explicit in regard to the property ordered to be sold, as well as to the time, terms, and place of sale, so that the commissioner should not be required to look to any other paper or order for directions. If the commissioner should be allowed to look to anything other than the judgment as his guide he might very innocently sell property not adjudged to be sold, or sell it upon terms not authorized by law. In other words, the judgment should specifically direct the commissioner what to do, and not leave him to draw his conclusions from any other paper, or from any other source of information.

*Meyer v. City of Covington*, 103 Ky. 546, 550-51, 45 S.W. 769, 770 (1898).

When Appellee petitioned to partition the real estate at issue, he put the court on notice that only the surface property was to be sold. The trial court, in its order and judgment of sale, indicated that only the surface property was to be

-4-

sold. The Master Commissioner's notice of sale indicated that only the surface property was to be sold. This put Appellants and other potential purchasers on notice that the mineral, gas, and oil rights had been reserved and were not part of the commissioner's sale. The question we must ask is, did this also give notice that the timber rights had been previously reserved? We believe that it did not.

Appellee is the owner of the mineral and timber rights. He notified the trial court that the mineral rights had been reserved and he could have done the same for the timber rights. To reiterate, "[t]here should be a sufficient description of the real estate ordered to be sold as will enable the purchaser or bidders to know with reasonable certainty what property was being offered for sale[.]" *Id.* While the *Meyer* case focuses primarily on issues regarding the commissioner, issues surrounding purchasers and bidders are also a factor to be considered when determining if judicially ordered sales should be confirmed. Here, there was no notice that the timber rights had been previously reserved even though such a notice was possible.

In addition, timber is included in "surface rights" if the timber has not been specifically reserved. *See Olinger v. Combs*, 306 Ky. 374, 377, 208 S.W.2d 50, 51-52 (1948). While the timber rights had been specifically reserved, the public was not notified of the reservation. Furthermore, it is entirely reasonable for

-5-

anyone seeking to purchase this real estate to believe the timber would be included in the surface property description.

## CONCLUSION

Appellants, as well as the other potential purchasers, were not given notice that the timber rights had been reserved and were not included in the property being sold. Appellee, the owner of the timber rights, should have informed the trial court that those rights were not for sale as he did with the mineral rights. Without a notice regarding the lack of timber rights, the commissioner's sale was fatally flawed and cannot stand. Based on the foregoing reasons, we conclude that it was unfair and unsupported by sound legal principles to confirm the sale. The judgment of the trial court is reversed and this case is remanded with instructions to vacate the commissioner's sale.[2]

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Sara A. Johnston
Mary L. Bryson
Lexington, Kentucky

BRIEF FOR APPELLEE:

Phillip Lewis
Hyden, Kentucky

---

[2] Other issues were raised on appeal, but they are moot based on our holding.